**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 2:25-cr-20924-1
Hon. Terrence G. Berg

LINCOLN ERICKSON,
Defendant.
_______________________________/

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Lincoln Erickson, M.D., by and through Counsel, respectfully submits this Sentencing Memorandum, currently scheduled for September 15, 2026, before the Honorable Terrence G. Berg. Pursuant to his guilty plea to Count 1 of the First Superseding Indictment, Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A), Dr. Erickson faces a mandatory minimum term of sixty (60) months and a statutory maximum term of two hundred forty (240) months. Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have agreed that a sentence of 108 months' imprisonment is the appropriate disposition of this case. For the reasons set forth below, Dr. Erickson respectfully requests that this Court accept the Rule 11(c)(1)(C) Plea Agreement and impose the agreed-upon sentence of 108 months.

## Background

Dr. Lincoln Erickson is thirty-two years old. Before his arrest, he was a fourth-year medical resident in physical medicine and rehabilitation at the Detroit Medical Center's Rehabilitation Institute of Michigan, having earned his medical degree from Wayne State University School of Medicine in 2022. He pled guilty to Count 1, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Pursuant to the Plea Agreement between Dr. Erickson and the Government, Count 2, Attempted Coercion and Enticement of a Minor, 18 U.S.C. § 2422(b), which carried a ten-year mandatory minimum sentence, was dismissed.

Dr. Erickson does not minimize the seriousness of his conduct. He accepted responsibility at the earliest opportunity, entering his guilty plea and cooperating throughout these proceedings. He is scheduled to be sentenced on September 15, 2026, and he requests that the Court accept the Rule 11(c)(1)(C) Plea Agreement calling for 108 months of imprisonment and finds, as set forth below, that this sentence is an appropriate disposition of this case.

## **Legal Principles**

In *See United States v. Booker,* 543 U.S. 220, 245 (2005), the United States Supreme Court held that the mandatory imposition of the federal sentencing guidelines is unconstitutional. As a result of that decision, this Court has the power to more broadly exercise its discretion and fashion an individualized sentence. *See United States v. Chandler*, 419 F.3d 484, 486–87 (6th Cir. 2005).

The first step in the process is for the Court to calculate the applicable guideline range and treat that range as advisory, then consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select a sentence based on facts that are not clearly erroneous, and adequately explain the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

"A sentence is substantively unreasonable [if it] is a sentence which is too long." *Rayyan*, 885 F.3d at 442. A sentence is too long when it is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). *See United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020).

In this case, the Parties negotiated a disposition of 108 months, which exceeds the top of that advisory range. As discussed below, that figure reflects a reasoned compromise, in exchange for Dr. Erickson's guilty plea to Count 1, the government agreed to dismiss Count 2, which alone carried a ten-year (120-month) mandatory minimum sentence that the Court would have had discretion to run consecutively to any sentence on Count 1. The agreed 108-month sentence resolves that additional exposure in a

manner that is fair to both parties and appropriately reflects the totality of the conduct at issue.

## Application of the 18 U.S.C. § 3553(a) Factors

### *1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant*

Dr. Erickson acknowledges the seriousness of Count 1. The evidence establishes that he exchanged computer-generated images and videos with a co-participant and discussed, by text and Telegram, a shared sexual interest in children, and that on December 6, 2025, he received video files depicting child sexual abuse material. Dr. Erickson does not dispute this conduct or its gravity, and he entered his guilty plea to accept responsibility for it.

The Court should also weigh the balance of the record. Count 2 — which alleged that Dr. Erickson attempted to arrange contact with a minor — was dismissed as part of the plea agreement. The putative victim's father, J.H., told investigators he never had a sexual interest in children and that his conversations with Dr. Erickson were fantasy talk; when J.H.'s children were forensically interviewed, they did not disclose any abuse by Dr. Erickson. There is no evidence of hands-on contact with any child.

Dr. Erickson's history and characteristics are, in many respects, an “all-American” story that make this offense difficult to reconcile with the man his family and community have long known. He was raised in Tustin, Michigan, by two loving, supportive parents, and he remains close with them and with his two older siblings.

From an early age, Dr. Erickson distinguished himself both academically and athletically. He was a straight-A student, and the valedictorian of his graduating class. He was also an accomplished multi-sport athlete, earning all-state honors in basketball and serving as his high school baseball team’s starting pitcher. In baseball, he led the team to the state quarterfinals. His success in the classroom and in athletics reflected qualities that would continue to define much of his life: intelligence, discipline, determination, and an exceptional work ethic.

After high school, he attended the University of Michigan, where he earned a Bachelor of Science degree in biopsychology, cognition, and neuroscience. While at Michigan, he walked onto the University's club baseball team and played during his first semester. Although his collegiate athletic career did not continue, physical fitness and a rigorous workout regimen remained an important part of his daily life.

Dr. Erickson attended Wayne State University School of Medicine on an academic scholarship, earning his Doctor of Medicine degree in 2022 before beginning a residency in physical medicine and rehabilitation. At the time of his arrest, he had not yet completed that residency, and to Counsel's knowledge no action has yet been taken against his medical license.

Dr. Erickson is fluent in American Sign Language. According to a Wayne State University School of Medicine profile, during a "code blue" emergency while on his Internal Medicine rotation, Dr. Erickson recognized that the patient was hard of hearing and used ASL to communicate with him, information that his senior resident credited with helping the treatment team understand the patient's condition and needs, and with helping to calm the patient and his wife during a frightening moment. That instinct to step forward and help a stranger in crisis is consistent with how those who know Dr. Erickson describe him, and it is relevant context for the Court in assessing the whole person before it, not merely the worst thing he has done.

Dr. Erickson's mental health history is also relevant. He was diagnosed with depression in 2010 and anxiety in 2013. He received educational accommodations in college for these conditions. Since 2023, he has been under the ongoing care of a treating psychiatrist, who in May 2023 diagnosed Bipolar II Disorder, Anxiety Disorder, Panic Disorder, Attention-Deficit Hyperactivity Disorder, and Reaction to Severe Stress. Treatment notes from September 2025 reflect that each of these diagnoses was in full remission, and that Dr. Erickson was "improved and stable on his current psychiatric medication regimen," with supportive psychotherapy. He separately engaged in counseling with a clinical therapist from 2024 until his arrest. Dr. Erickson reported self-medicating his depression with alcohol and marijuana beginning in medical school, and testing administered during the presentence interview was indicative of a severe

substance use disorder. He has no history of childhood abuse or neglect, scoring one out of ten on the standard Adverse Childhood Experiences assessment. Contrary to the messages found in his cell phone, he was never sexually abused by his father.

Dr. Erickson has no prior felony convictions and falls in Criminal History Category I. His only prior record is a 2024 domestic violence incident with his then-husband, which resolved through Michigan's Spousal Abuse Act, a first-offense deferred-judgment program by which the Michigan Legislature has determined such matters should be kept off a defendant's record. He has been in continuous federal custody since his arrest in December 2025. He has received no infractions while incarcerated.

Upon release, he plans to reside with his sister, Nicole Garcia, in Starkville, Mississippi, who confirmed to the Probation Department her ongoing support and her willingness to have him live with her.

***2. The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment***

A sentence of 108 months — nearly double the low end of the advisory guideline range, and forty-five months above the statutory mandatory minimum — is a substantial custodial sentence that reflects the seriousness of Count 1 and provides just punishment. Combined with the mandatory five-year term of supervised release, lifetime sex-offender registration obligations, and the special assessments required by statute, this sentence promotes respect for the law and holds Dr. Erickson fully accountable for his conduct.

***3. The Need to Afford Adequate Deterrence and to Protect the Public***

This is Dr. Erickson's first felony conviction, and a sentence of 108 months provides significant individual deterrence, as well as general deterrence to others who might consider similar conduct. Dr. Erickson recognizes the need to protect the public and does not oppose the special conditions of supervision recommended by the probation department, including registration under the Sex Offender Registration and Notification Act, restrictions on contact with minors, participation in the Computer/Internet Monitoring Program, and the other conditions set forth in the presentence report. Combined with a

lengthy term of imprisonment and five years of closely supervised release, these measures adequately protect the public from further crimes by Dr. Erickson.

### *4. The Need to Provide Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Dr. Erickson has a documented history of Bipolar II Disorder, Anxiety Disorder, Panic Disorder, Attention-Deficit Hyperactivity Disorder, and Reaction to Severe Stress, conditions that were well managed under a treating psychiatrist's care before his arrest, as well as a substance use disorder rooted in self-medicating his depression. He recognizes that his conviction will likely preclude him from practicing medicine in the United States, but he has expressed both the need and the willingness to engage in treatment going forward. He is eager to participate in the Bureau of Prisons' Sex Offender Treatment Program, including cognitive behavioral therapy, and requests continued mental health and substance abuse treatment during his term of imprisonment and supervised release, consistent with the special conditions recommended in the Presentence Report.

### *5. The Kinds of Sentences Available*

Count 1 is a Class C felony carrying a mandatory minimum sentence of five years and a statutory maximum of twenty years. 18 U.S.C. § 2252A(a)(2)(A). Probation is not available. The advisory guideline range is 60 to 63 months. The parties' Rule 11(c)(1)(C) agreement calls for a sentence of 108 months — above the advisory range — in exchange for the government's dismissal of Count 2, which alone carried a ten-year mandatory minimum that could have run consecutively to any sentence on Count 1. Viewed against that greater exposure, the agreed 108-month sentence represents a considered and reasonable resolution that is sufficient, but not greater than necessary, to satisfy the purposes of § 3553(a).

### *6. The Need to Avoid Unwarranted Sentencing Disparities*

According to the U.S. Sentencing Commission's Judiciary Sentencing Information (JSIN) database, during fiscal years 2021 through 2025, 114 defendants nationwide had a primary guideline of USSG § 2G2.2 with a Final Offense Level of 24 and Criminal History

Category of I, excluding those who received a § 5K1.1 departure. Of the 106 defendants (93%) who received a sentence of imprisonment, the average sentence imposed was 42 months and the median sentence imposed was also 42 months.

A sentence of 108 months — nearly two-and-a-half times the average and median sentences imposed on similarly situated defendants nationally, and well above the advisory guideline range calculated in this case — cannot reasonably be characterized as lenient. It avoids unwarranted disparity by imposing a sentence well in excess of the norm for defendants in Dr. Erickson's guideline posture, while accounting for the aggravating circumstances the government identified in agreeing to the negotiated resolution.

***7. The Need to Provide Restitution to Victims of the Offense***

Restitution is mandatory in this case under 18 U.S.C. § 2259(b)(2). As of the filing of this memorandum, no victim impact statements or restitution requests have been received. Dr. Erickson does not oppose an order of restitution to any identified victim of Count 1 or of relevant conduct associated with Count 1, and, to the extent the full amount of any victim's losses is not ascertainable ten days prior to sentencing, he requests that the Court set a date for a final determination of restitution consistent with 18 U.S.C. § 3664(d)(5).

Currently, however, Dr. Erickson is indigent as he is unable to work and has considerable student loan debt.

## **Conclusion**

For the foregoing reasons, Dr. Erickson respectfully requests that this Court accept the parties' Rule 11(c)(1)(C) Plea Agreement and impose a sentence of 108 months' imprisonment.

Respectfully submitted,

*/s/Jordan Zuppke/*
Jordan Zuppke

Attorney for Defendant
1719 Crooks Road
Royal Oak, MI 48067
(248) 709-7798
j@zupaclaw.com

Dated: September 9, 2026

***Certificate of Service***

I hereby certify that on September 9, 2026, the foregoing document was electronically filed with the Clerk of the Court of the Eastern District of Michigan using the ECF system.

*/s/Jordan Zuppke/*

Jordan Zuppke
Attorney for Defendant
1719 Crooks Road
Royal Oak, MI 48067
(248) 709-7798
j@zupaclaw.com

Dated: September 9, 2026